Aleo J. Pontillo II
1325 Yosemite Blvd.
Modesto, Ca. 95354
(209) 404-9990

In Pro Per


FILED
DEC 07 2016
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| ALEO JOHN PONTILLO II,<br><br>Plaintiff.<br><br>v.<br><br>COUNTY OF STANISLAUS, BIRGIT FLADAGER, DAVID HARRIS, JON REINECCIUS, STEVE JACOBSON, ALICE MIMMS, ADAM CHRISTIANSON, CITY OF MODESTO.<br><br>Defendants. | CASE: 1:16 CV 0 0 1 8 3 4 DAD SKO<br><br>COMPLAINT FOR DAMAGES FOR VIOLATION OF CIVIL RIGHTS AND FOR ASSAULT AND BATTERY<br>[JURY TRIAL DEMANDED] |

Plaintiff, ALEO JOHN PONTILLO II, alleges as follows:

### JURISDICTION AND VENUE

1. This action arises out of violations of plaintiff's civil rights under 42 U.S.C. 1983. Jurisdiction is proper under 28 U.S.C. §1331 and supplemental jurisdiction is proper under 28 U.S.C. §1367. This court is the proper venue for this action pursuant to 28 U.S.C §1391(b) in that defendants reside in this judicial district and all of the events or omissions giving rise to the claim occurred within this judicial district.

1

## PARTIES

2. Plaintiff ALEO JOHN PONTILLO II, hereinafter referred to as "plaintiff", is a citizen of the United States, citizen of the State of California, and resident of Stanislaus County, California.

3. Defendant COUNTY OF STANISLAUS is a political subdivision of the State of California, and are people within the meaning of 42 U.S.C. §1983.

4. Defendant, BIRGIT FLADAGER, is the District Attorney for the County of Stanislaus and is sued herein in her individual and official capacity, and at all times relevant hereto was acting under color of law.

5. Defendant, DAVID HARRIS, is a Deputy District Attorney for the County of Stanislaus and is sued herein in his individual and official capacity, and at all times relevant hereto was acting under color of law.

6. Defendant, ALICE MIMMS, is a Deputy County Counsel for the County of Stanislaus and is sued herein in her individual and official capacity, and at all times relevant hereto was acting under color of law.

7. Defendant, STEVE JACOBSON, is an investigator in the District Attorney's office for the County of Stanislaus and is sued herein in his individual and official capacity, and at all times relevant hereto was acting under color of law.

8. Defendant, ADAM CHRISTIANSON, is the Sheriff for the County of Stanislaus and is sued herein in his individual and official capacity, and at all times relevant hereto was acting under color of law.

9. Defendant, JON REINECCIUS, is an agent, investigator, for the Department of Insurance, State of California and is sued herein in his individual and official capacity, and at all times relevant hereto was acting under color of law.

10. Defendant, CITY OF MODESTO, is a Political subdivision of the State of California and is sued herein in their and official capacity, and at all times relevant hereto was acting under color of law.

## COMPLAINT

### [VIOLATION OF 42 U.S.C. §1983]

11. This is a civil action seeking damages against defendants, and each of them, for committing acts under color of law, and depriving plaintiff of rights secured by the Constitution and laws of the United States. Defendants, while acting in their capacities as law enforcement officers, criminal investigators, prosecution attorneys, civil attorneys, and agents employed by the City of Modesto, County of Stanislaus and the State of California deprived the plaintiff of his liberty without due process of law, made unreasonable searches and seizures of the property of the plaintiff, and deprived him of his property without due process of the law, thereby depriving plaintiff of his rights, privileges and immunities as guaranteed by the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

12. Plaintiff, ALEO JOHN PONTILLO II, is a citizen and resident of the City of Modesto, County of Stanislaus, State of California and a citizen of the United States and at all times relevant hereto, plaintiff was peaceably and rightfully practicing his profession as a bail bondsman.

13. Defendant JOHN DOE and others not presently known to the plaintiff were, at all times material to this complaint, duly appointed officers and agents of the City of Modesto, County of Stanislaus. At all times material, these defendants acted toward plaintiff under color of the statutes, ordinances, customs and usage of the State of California, city of Modesto, County of Stanislaus and their agencies.

14. Plaintiff sues all defendants in their individual capacities.

## COUNT 1

15. Plaintiff alleges and realleges Paragraphs 1 through 14 as Paragraphs 1 through 14 of this count with the same force and effect as if fully set forth herein.

16. On or about December 23, 2008, Defendants, and each of them, participated in an illegal search and seizure of the plaintiff's home and business, confiscating numerous boxes of business and client records as well as personal property of the defendant. During this raid of plaintiff's business defendant's shouted profanities brandished weapons and restrained the plaintiff and his employees. During this raid, defendants did not find any evidence or probable cause that the defendant had committed a crime. Plaintiff was abused physically and verbally during the raid.

17. On or about February 3, 2010, Defendants, and each of them, conducted another raid, illegal search and seizure at the plaintiff's business. Additional business and client records, as well as personal property of the plaintiff was confiscated. During this raid of plaintiff's business defendant's shouted profanities brandished weapons and restrained the plaintiff and his employees. During this raid, defendants did not find any evidence or probable cause that the defendant had committed a crime. Plaintiff was abused physically and verbally during the raid.

18. On or about May 5, 2011, Defendants, and each of them, conducted a third raid of plaintiff's business again confiscating additional records and client files. Additionally, $17,000.00 in US Currency was taken in this raid. During this raid of plaintiff's business defendants shouted profanities brandished weapons and restrained the plaintiff and his employees. During this raid, defendants did not find any evidence or probable cause that the defendant had committed a crime. Plaintiff was abused physically and verbally during the raid.

19. On or about September 14, 2011, and without sufficient evidence of a crime, defendants agreed and maliciously charged plaintiff with multiple felonies including three counts of

kidnapping which carry a sentence of life imprisonment for each count. Because of the defendants malicious charges plaintiff was wrongfully imprisoned. By means of the defendants unlawful detention of plaintiff and the malicious charges they placed against him, defendants intentionally, or with deliberate indifference and callous disregard of Plaintiff's rights, deprived Plaintiff of his liberty without due process of law, in violation of the Fifth and Fourteenth Amendment to the Constitution of the United States and 42 U.S.C. §1983.

20.  On or about March 11, 2011 defendants, and each of them, caused plaintiff's bank accounts to be seized. This caused a severe hardship to the plaintiff's ability to conduct business and provide financially for his family. This unlawful seizure deprived the plaintiff of his right to be free of unreasonable search and seizure as guaranteed by the Fourth and Fourteenth Amendments to the Constitution.

21.  On or about December 5, 2011, Defendants, and each of them, caused plaintiff's bail license to be suspended by the State of California, thereby interfering with the plaintiff's ability to conduct his business. As a result of defendant's conduct, plaintiff suffered extreme financial hardship.

22. On July 21, 2014 the plaintiff was brought to trial on several felonies before the Honorable Scott Steffan, Judge of

the Superior Court of California in Case number 1436501. The trial concluded on December 10, 2014 with the jury unanimously acquitting the plaintiff on all charges.

23. By the foregoing acts, plaintiff was deprived by the defendants of his constitutional rights as follows: His First Amendment Rights to free speech and right to petition; His Fifth and Fourteenth Amendment rights to not be denied liberty and property without due process of the law, including his right to carry on a lawful business and a common trade and his right not to be subjected to malicious, arbitrary and capricious use of governmental authority; and his Fourth Amendment right against unreasonable seizure.

24. Further, plaintiff was deprived by the defendants of the corresponding rights afforded him under the California Constitution including the right of free speech, his right to have, own and hold personal property and be free from unreasonable seizures, and the right to privacy, including the right to bodily integrity.

25. The County of Stanislaus and the City of Modesto have policies, practices and customs which foster, promote, condone, and further the conduct that it's agents inflicted on plaintiff. and approved as above described. In addition, they ratified

and approved the acts of their agents, thereby making the acts the official practice, custom, and policy of the City and County.

26. As a direct and proximate result of the defendants, and each of them, plaintiff has suffered general and special damages, including, but not limited to emotional distress, humiliation, embarrassment, stress, anxiety, and physical upset to his nervous system, all in an amount according to proof but in excess of $3,000,000.00 each. Further, plaintiff is entitled to attorney fees. Further, as to the individual defendants, plaintiff is entitled to punitive damages against each according to proof, but in excess of $100,000.00 for their oppressive and willful conduct.

## COUNT 2

[Violation of California Civil Code §52.1]

27. Plaintiff incorporates and realleges as if set forth in whole, the allegations of paragraphs 1 through 26 above.

28. The acts of the defendants violated and interfered with the plaintiff's peaceable exercise of and enjoyment of Federal and California constitutional rights and rights secured by the State of California by means of threats, intimidation, or coercion.

29. Plaintiff has suffered actual damages (including, but not limited to, those provided for in California Civil Code §52) consisting of damages of shock, humiliation, and outrage at the completely outrageous conduct of the defendants. Moreover, defendant County of Stanislaus is liable for this conduct under the theory of respondent superior for its failure to properly supervise and train its employees/agents since their propensity to engage in such outrageous conduct has been repetitive. Plaintiff has suffered general and special damages in an amount according to proof, but in excess of $3,000,000.00. In addition, plaintiff is entitled to a $25,000.00 civil penalty under California Civil Code §52., and exemplary damages as against each individual defendant in an amount according to proof, but in excess of $100,000.00.

## COUNT 3

### [Battery]

30. Plaintiff incorporates and realleges as if set forth in whole, the allegations of paragraphs 1 through 29 above.

31. Defendants intentionally touched and caused plaintiff to be touched in an offensive or harmful fashion.

32. Plaintiff did not consent to the touching.

33. Plaintiff was harmed and damaged by the touching, in an amount according to proof.

34. As a direct and proximate result of the acts of the defendants, and each of them, plaintiff has suffered general and special damages, including, but not limited to emotional distress, humiliation, embarrassment, stress, anxiety, and physical upset to his central nervous system, and personal injury, all in an amount according to proof. Further, plaintiff is entitled to attorney's fees. Further as to each individual defendant, plaintiff is entitled to punitive damages according to proof for their oppressive and willful conduct.

## COUNT 4

### [Assault]

35. Plaintiff incorporates and realleges as if set forth in whole, the allegations of paragraphs 1 through 34 above.

36. Defendants intentionally did an act that made plaintiff reasonably believe that he was about to be touched in an offensive or harmful manner.

37. Plaintiff was harmed by defendants conduct, in an amount according to proof, but in excess of $100,000.00.

38. As a direct and proximate result of the acts of the defendants, and each of them, plaintiff has suffered general and special damages, including, but not limited to emotional distress, humiliation, embarrassment, stress, anxiety, and physical upset to his central nervous system, and personal

injury, all in an amount according to proof. Further, plaintiff is entitled to attorney's fees. Further, as to all defendants, except as to the County of Stanislaus, plaintiff is entitled to punitive damages according to proof, for their oppressive and willful conduct.

    **WHEREFORE**, plaintiff prays judgment as follows:

1. **Damages in an amount according to proof but in excess of $3,000,000.00;**
2. **For punitive damages against individual defendants according to proof but in excess of $100,000.00**
3. **Damages as permitted by the California Civil Code §51, including a civil penalty of $25,000.00 and treble damages;**
4. **Costs, interest and attorney fees; and**
5. **Such other and further relief as the court considers proper and just.**

## JURY TRIAL DEMAND

Plaintiff demands a jury trial in the above matter.

Dated: December 6, 2016

*[signature]*

**ALEO JOHN PONTILLO II**
IN PRO PER