UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEO JOHN PONTILLO II,<br><br>Plaintiff,<br><br>v.<br><br>STANISLAUS COUNTY; BIRGIT FLADAGER; DAVID HARRIS; JON REINECCIUS; STEVE JACOBSON; ALICE MIMMS; ADAM CHRISTIANSON; CITY OF MODESTO; DOES 1–100, inclusive,<br><br>Defendants. | No. 1:16-cv-01834-DAD-SKO<br><br>ORDER GRANTING MOTIONS TO DISMISS<br><br>(Doc. Nos. 26, 27, 28) |

This action arises out of the state court prosecution of plaintiff—then a bail bondsman—on criminal charges related to allegations of kidnapping and detaining several bail clients. On March 27, 2017, plaintiff, appearing *pro se*, filed a first amended complaint ("FAC") in this civil rights action brought pursuant to 42 U.S.C. § 1983. (Doc. No. 24.) On April 11, 2017, defendants Stanislaus County, Birgit Fladager, David Harris, Steve Jacobson, Alice Mimms, and Adam Christianson (collectively, the "Stanislaus County defendants") moved to dismiss the FAC. (Doc. No. 26.) On April 13, 2017 and April 25, 2017, the City of Modesto and defendant Jon Reineccius also respectively moved to dismiss the FAC. (Doc. Nos. 27, 28.) On May 23, 2017, plaintiff filed oppositions to each of the motions to dismiss. (Doc. Nos. 30, 31, 32.) On May 30, 2017, the City of Modesto and the Stanislaus County defendants filed replies. (Doc. Nos. 33, 34.)

No reply was filed on behalf of defendant Reineccius. The motions to dismiss came before the court for hearing on June 6, 2017. Plaintiff appeared[1] on his own behalf, attorney John Whitefleet appeared on behalf of the Stanislaus County defendants, attorney Blake Loebs appeared on behalf of the City of Modesto, and Deputy Attorney General Matthew Roman appeared on behalf of defendant Reineccius. (Doc. No. 37.) For the reasons set forth below, the motions to dismiss will be granted and the FAC will be dismissed with leave to amend.

**BACKGROUND**

As noted, this civil rights action stems from an investigation into and criminal charges brought against plaintiff, a former bail bondsman, who was accused of kidnapping and extorting money from his bail clients. (Doc. No. 24 at 5.) In his FAC, plaintiff alleges as follows. Defendant Jacobsen, an investigator for the Stanislaus County District Attorney's Office, first contacted the Federal Bureau of Investigation ("FBI") concerning plaintiff's alleged activities in January 2007. (*Id.*) The criminal investigation continued through December 2010, and ultimately culminated in the prosecution of defendant by the Stanislaus County District Attorney's Office, which ended in December 2014. Defendant Fladager was the District Attorney for Stanislaus County, and defendant Harris was a Deputy District Attorney. Defendant Mimms was a Deputy County Counsel for Stanislaus County at the time, while defendant Christianson was the Stanislaus County Sheriff. Finally, defendant Reineccius was an investigator for the California Department of Insurance involved in the criminal investigation of plaintiff.

Plaintiff's offices and residence were searched by defendants or those under their direction on multiple occasions. The first of these searches occurred on December 23, 2008, and included law enforcement officers from the FBI, the City of Modesto, the California Department of Insurance, and the Stanislaus County District Attorney's Office. (*Id.* at 6.) This search was conducted pursuant to a warrant which, according to plaintiff, was obtained by way of "false declarations designed to mislead the court," and resulted in the seizure of all of plaintiff's client files. (*Id.*) Plaintiff's offices were again searched on February 3, 2010, again pursuant to a

---

[1] All parties and counsel appeared telephonically at the hearing.

warrant which was issued based on "false declarations." (*Id.*) During this second search, plaintiff and his employees "were handcuffed and held at gunpoint and threatened with violence," along with being "assaulted and battered." (*Id.*) On March 11, 2010, defendants Fladager, Reineccius, and Jacobson "caused plaintiff's bank accounts to be seized," again according to plaintiff in violation of his Fourth Amendment rights. (*Id.* at 7.) Finally, plaintiff's office was searched a third time on May 5, 2011, when defendants drilled out the front door lock of the office door in order to serve the warrant. (*Id.*) Plaintiff claims that $17,500 was seized from his office during this search and was never returned to him. (*Id.*)

The United States Attorney's Office ("USAO") for the Eastern District of California presented the evidence derived from the criminal investigation to a federal grand jury in November 2010, following which the USAO elected not to pursue charges against plaintiff. (*Id.* at 7.) Subsequently, on September 14, 2011, plaintiff was arrested and charged by the Stanislaus County District Attorney's Office with kidnapping, extortion, and violations of the California Insurance Code. (*Id.* at 8.) Plaintiff was detained until October 3, 2011 in unconstitutional conditions of confinement, at which time he posted bail of $1.3 million. (*Id.*) According to plaintiff, an excessive bail was set "based on a false declaration" from defendants Harris and Reineccius. (*Id.*) On December 5, 2011, plaintiff's bail license was suspended by the state of California, purportedly due to the actions of defendants Reineccius, Jacobson, Fladager, Christianson, and Mimms. (*Id.* at 8–9.)

Plaintiff's trial on the criminal charges took place in the Stanislaus County Superior Court and lasted from July 14, 2014 to December 10, 2014. (*Id.* at 9.) A number of the original charges were dismissed during the seventh week of trial, according to the FAC, after defendants Fladager and Harris were found to have intentionally failed to disclose exculpatory evidence to the defense in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*Id.*) Ultimately, plaintiff was acquitted by the jury of the remaining charges on December 10, 2014. (*Id.* at 10.) This civil rights action was thereafter filed on December 7, 2016. (Doc. No. 1.) Plaintiff alleges in the FAC that he was deprived of his constitutional rights under the First, Fourth, Fifth, Eighth, and Fourteenth

/////

Amendments.[2] (Doc. No. 24 at 10.) Plaintiff also alleges *Monell* claims against the County of Stanislaus and the City of Modesto. (*Id.*)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). In general, *pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than

---

[2] Because the nature of plaintiff's constitutional claims was unclear, at oral argument the court asked plaintiff to identify the constitutional claims he was attempting to bring and their respective basis. Plaintiff indicated he intended to bring claims under the Fourth and Eighth Amendments, as well as a claim for malicious prosecution presumably under the Fourteenth Amendment. No reference was made by plaintiff to any claim brought under the First or Fifth Amendments. Moreover, no substantive discussion of claims brought under the First or Fifth Amendments was provided by plaintiff in his briefing on the pending motion or at oral argument. Finally, the FAC does not provide any indication as to what sort of claim plaintiff might be seeking to pursue under the First or Fifth Amendments. Considering this, it is unclear whether plaintiff is attempting to raise First and Fifth Amendment claims. Because plaintiff is being granted leave to amend his complaint, should he wish to present such claims, he may attempt to state them in his second amended complaint if accompanied by sufficient factual allegations making those claims plausible.

4

an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court is permitted to consider material which is properly submitted as part of the complaint, documents that are not physically attached to the complaint if their authenticity is not contested and the plaintiff's complaint necessarily relies on them, and matters of public record. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

## ANALYSIS

Here, defendants have moved to dismiss the FAC in large part on the grounds that it is barred by the applicable statute of limitations. (*See* Doc. Nos. 26, 27, 28.) Plaintiff argues that the continuing violations doctrine applies in this case, and his claims are therefore not barred by the statute of limitations. (*See* Doc. Nos. 30, 31, 32.) Defendants' arguments are, in large part, persuasive.

**A. Statute of Limitations Bars All Claims Except That For Malicious Prosecution**

Section 1983 does not contain a specific statute of limitations. Accordingly, federal courts apply the forum state's statute of limitations for personal injury actions. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004); *Maldonado v. Harris*, 370 F.3d 945, 954 (9th Cir. 2004); *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999). California has a two-year statute of limitations for personal injury actions. Cal. Civ. Proc. Code § 335.1; *Stavropoulos v. Superior Court*, 141 Cal. App. 4th 190, 197 (2006). When a cause of action accrues, however, is determined by federal law. *Bradford v. Scherschligt*, 803 F.3d 382, 386 (9th Cir. 2015) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). Absent specific precedent dictating otherwise, to determine the date a

cause of action accrues, the court is to "look to the common law tort most analogous to [plaintiff's] claim." *Bradford*, 803 F.3d at 387–88; *see also Wallace*, 549 U.S. at 389 (looking to "[t]he . . . cause[s] of action [that] provid[e] the closest analogy to claims of the type considered here") (quoting *Heck v. Humphrey*, 512 U.S. 477, 484 (1994)). Generally speaking, "a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Klein v. City of Beverly Hills*, ___F.3d___, ___, 2017 WL 3318746, at *2 (9th Cir. Aug. 4, 2017) (quoting *Maldonado*, 370 F.3d at 955).

Federal courts apply the forum state's laws with respect to tolling of the statute of limitations insofar as state law is not inconsistent with federal law. *Butler v. National Community Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); *Jones*, 393 F.3d at 297. While not specifically invoked by plaintiff, California law statutorily tolls "[a]ny applicable statute of limitations for filing and prosecuting" an action for "damages against a peace officer . . . based upon conduct of the peace officer relating to the offense for which the accused is charged, including an act or omission in investigating or reporting the offense or arresting or detaining the accused." Cal. Gov't Code § 945.3.[3]

### 1. Fourth Amendment Claims

The precise constitutional violations alleged by plaintiff with respect to the searches and seizures he claims were unlawful remains somewhat unclear. Any claims that plaintiff's Fourth Amendment rights were violated by an unlawful search accrued on the date of the search in question. *Belanus v. Clark*, 796 F.3d 1021, 1026 (9th Cir. 2015) ("[F]ederal law holds that a cause of action for illegal search and seizure accrues when the wrongful act occurs, even if the person does not know at that time that the search was warrantless [or otherwise unlawful].") (citing *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983)). To the extent plaintiff is

---

[3] Plaintiff has not alleged that he is entitled to equitable tolling of the statute of limitations, nor has he provided grounds that might qualify for equitable tolling. *See McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 99 ("The equitable tolling of statutes of limitations is a judicially created, nonstatutory doctrine, . . . [which is] designed to prevent unjust and technical forfeitures of the right to a trial on the merits when the purpose of the statute of limitations— timely notice to the defendant of the plaintiff's claims—has been satisfied.") (quoting *Appalachian Ins. Co. v. McDonnell Douglas Corp.*, 214 Cal. App. 3d 1, 38 (1974)).

alleging that the officers used excessive force when arresting him, that cause of action likewise accrued on the date of the arrest in question. *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380–81 (9th Cir. 1998). If plaintiff is alleging he was falsely arrested and/or imprisoned the cause of action accrued when his "false imprisonment came to an end," either by his release from custody or the imposition of formal legal process. *Wallace*, 549 U.S. at 389–90 (noting that injuries occurring after the institution of formal legal process are attributable to the separate common law tort of malicious prosecution).

In the FAC, plaintiff alleges he was subjected to unlawful searches and seizures on December 23, 2008, February 3, 2010, March 11, 2010, and May 5, 2011, and was also subjected to unlawful restraints and uses of force during those searches. (Doc. No. 24 at 6–8.) There are no factual allegations in the FAC indicating plaintiff was detained for any length of time following any of these searches. Therefore, any causes of action arising from these allegedly unlawful searches and seizures accrued on the date of the search in question. Additionally, the FAC alleges plaintiff was arrested and charged with kidnapping, extortion, and various insurance code violations on September 14, 2011, and that these criminal charges remained pending until December 10, 2014. (*Id.* at 8–10.) Under California law, the pendency of these criminal proceedings tolled any claims which were "based upon conduct of the peace officer relating to the offense for which the accused is charged." Cal. Gov't Code § 945.3. The court will assume that plaintiff's claims in this regard are based on the defendants' conduct in relation to the offenses with which plaintiff was ultimately charged and therefore also assumes that statutory tolling applies as to these claims.

Given these facts, the two-year statute of limitations for the December 23, 2008 search of petitioner's office ran on December 23, 2010. Because the statute of limitations for any claims stemming from this search expired prior to the initial filing of criminal charges against plaintiff, tolling is inapplicable. The two-year statute of limitations for any claims based on the February 3, 2010 search of plaintiff's office ran for 587 days until it was tolled for the period from September 14, 2011 to December 10, 2014, at which point the remaining 143 days of the applicable statute of limitations began to run, expiring on May 4, 2015. The limitations period for

7

the March 11, 2010 search ran for 552 days until the period of tolling, following which the 178 days remaining on the statute of limitations expired on June 8, 2015. Finally, the limitations period with respect to claims stemming from the May 5, 2011 search ran for 131 days until the tolling period, and after restarting, ran for an additional 599 days until August 1, 2016. Since plaintiff did not file his complaint in this action until December 7, 2016, it is clear the statute of limitations had already expired for any claims arising from the searches and seizures alleged on December 23, 2008, February 3, 2010, March 11, 2010, and May 5, 2011, prior to the filing of the complaint, even accounting for any tolling allowed by statute. Plaintiff's sole argument against this—application of the continuing violations doctrine—will be addressed below.

2. Excessive Bail Claim

Plaintiff alleges his constitutional rights were violated because defendants Harris and Reineccius submitted a false declaration to the court, resulting in an excessive bail being imposed set in the state court proceedings. (Doc. No. 24 at 8.) Generally, excessive bail claims are cognizable if the bail set was either unauthorized by state law or "excessive in light of the valid purposes for which it was set." *Galen v. County of Los Angeles*, 477 F.3d 652, 661–62 (9th Cir. 2007). Further, individual non-judicial defendants may be held liable on an excessive bail claim if plaintiff can allege and prove that their actions prevented the court from "exercising [its] independent judgment" in setting bail. *Id.* at 663. Because the injury caused by a violation of the excessive bail clause is that the amount is "greater than necessary to achieve the purposes for which bail is imposed," not that it is "beyond one's means," *id.* at 661, a cause of action for such a claimed constitutional violation accrues at the time bail is set.

Statutory tolling would appear to apply to this claim of plaintiff's as well, since it is purportedly "based upon conduct" that relates to the offenses he was charged with, "including an act or omission in investigating or reporting the offense or arresting or detaining the accused." Cal. Gov't Code § 945.3. However, § 945.3 tolls the statute of limitations only for claims "against a peace officer or the public entity employing a peace officer." *Id.* Here, plaintiff's excessive bail claim is alleged against defendant Harris, a deputy district attorney, and defendant Reineccius, a Department of Insurance investigator. (Doc. No. 24 at 8.) Deputy district attorneys

are not considered "peace officers" under state law. *See* Cal. Penal Code §§ 830, 830.1(a); 832.9(b)(3) (listing peace officers and distinguishing attorneys); *Webster v. Cty. of Los Angeles*, No. 2:12-cv-00656 ODW MRW, 2012 WL 2071781, at *2 (C.D. Cal. June 6, 2012), *report and recommendation adopted*, No. 2:12-cv-00656 ODW MRW, 2012 WL 2071765 (C.D. Cal. June 7, 2012) (finding prosecutors are not "peace officers" under § 945.3). Likewise, plaintiff has presented no authority, and this court has found, none for the proposition that a Department of Insurance investigator is a "peace officer." *See generally* Cal. Penal Code § 830.1 (defining "peace officer"); *see also* Cal. Ins. Code §§ 488.5(c)(1), 669.5 (defining "peace officer" within the insurance code according to Cal. Penal Code §§ 830 *et seq.*). Accordingly, because defendants Harris and Reineccius are not "peace officers" within the meaning of § 945.3, plaintiff's excessive bail claim against those defendants is not subject to statutory tolling and is barred by the applicable statute of limitations.

### 3. Conditions of Confinement Claim

Plaintiff has also presented a claim related to the conditions of his confinement in the Stanislaus County Jail from September 14, 2011 to October 3, 2011. (Doc. No. 24 at 8) ("[P]laintiff was housed in a completely enclosed cell designed for inmates with tuberculosis or inmates needing solitary confinement."). Conditions of confinement claims accrue on the date the plaintiff is subject to the conditions that allegedly violate the Eighth Amendment. *See, e.g.*, *Jaquez v. Johnson*, No. 2:07-cv-0459-LDG (PC), 2012 WL 1081458, at *3 (E.D. Cal. Mar. 30, 2012) ("[S]uch a claim accrues when the inmate is subjected to conditions of confinement that fail to provide the inmate with the requisite personal safety."). Thus, plaintiff's claim in this regard accrued no later than October 3, 2011. However, no statutory tolling of the limitations period for bringing such a claim is available, since the injury inflicted is not related to the offense with which plaintiff was charged. *See* Cal. Gov't Code § 945.3; *Torres v. City of Santa Ana*, 108 F.3d 224, 228 (9th Cir. 1997) (clarifying the necessity of a relationship between the conduct alleged in the civil action and offense for which the accused was charged). Section 945.3 therefore does not toll the statute of limitations with respect to plaintiff's excessive bail claim and the claim is subject to dismissal as time barred.

####         4.    Suspension of Bail License

Plaintiff alleged in general fashion in his FAC that his rights were violated by defendants Reineccius, Jacobson, Fladager, Christianson, and Mimms when they caused his bail license to be suspended on December 5, 2011. (Doc. No. 24 at 8–9.) Nevertheless, at the hearing on the pending motion plaintiff informed the court that he had no particular claim relating specifically to the suspension of his bail license. Therefore, the court construes these allegations of the FAC only as support for plaintiff's invocation of the continuing violations doctrine, discussed below. Because plaintiff has disclaimed bringing any claim related to the suspension of his bail license, the court will not infer one. Defendants' motions to dismiss any claim in connection with the suspension of plaintiff's bail license will therefore be denied as moot.

####         5.    Malicious Prosecution Claim

Finally, plaintiff alleges a cause of action for malicious prosecution. (*See* Doc. No. 24 at 10.) When a claim of malicious prosecution being brought under § 1983 arises is a matter of federal law determined by looking to the analogous tort under state law. *Wallace*, 549 U.S. at 389; *Bradford*, 803 F.3d at 387–88. Under California law, a malicious prosecution cause of action accrues when "the underlying proceeding [has] been terminated favorably to the malicious prosecution plaintiff." *Ray v. First Federal Bank*, 61 Cal. App. 4th 315, 318 (1998). More specifically, the claim accrues "at the time of entry of judgment in the underlying action in the trial court." *Stavropoulos*, 141 Cal. App. 4th at 197. Here, plaintiff's complaint alleges his state criminal trial ended with his acquittal by the jury on December 10, 2014. (Doc. No. 27 at 4.) Plaintiff filed the initial complaint in this action on December 7, 2016. (Doc. No. 1.) This claim, filed within two years of its accrual, is therefore timely.

####         6.    The Continuing Violations Doctrine Does Not Apply Here

As noted above, plaintiff argues that the facts alleged in his complaint are not discrete causes of action against the named defendants but rather are part of a continuing, seven-year long criminal investigation, the entirety of which he asserts is actionable. Therefore, plaintiff contends, the continuing violations doctrine prevents the statute of limitations from having expired with respect to any of his claims. (Doc. No. 30 at 3–9.)

The continuing violation doctrine stems from employment discrimination suits arising under Title VII, and has been extended to discrimination claims arising under § 1983 as well. *See Gutowsky v. Cty. of Placer*, 108 F.3d 256, 259 (9th Cir. 1997). Nonetheless, the doctrine has been found to be generally "applicable to hostile work environment claims involving related acts that collectively constitute a single unlawful employment practice, but inapplicable to claims for discrete acts of discrimination and retaliation." *Lelaind v. City & Cty. of San Francisco*, 576 F. Supp. 2d 1079, 1093 (N.D. Cal. 2008). It is unclear whether the doctrine applies to Fourth Amendment claims brought under § 1983 such as those presented by plaintiff here. *See Fager v. Olympic Peninsula Narcotics Enf't Team*, ___ Fed. App'x ___, ___, No. 15-35133, 2017 WL 2684121, at *1 (9th Cir. 2017)[4] ("Similarly, the continuing violations doctrine cannot make these claims [including Fourth Amendment claims] timely, even if it applies."); *Kortlander v. Cornell*, 816 F. Supp. 2d 982, 990–91 (D. Mont. 2011) (finding the continuing violations doctrine did not apply to claims of unlawful investigation and prosecution, including Fourth Amendment claims); *but see Knox v. Davis*, 260 F.3d 1009, 1013 (9th Cir. 2001) ("The continuing violation theory applies to § 1983 actions[.]") However, even if the continuing violation doctrine applies to Fourth Amendment claims, the undersigned finds that the weight of authority supports viewing each of the individual constitutional violations alleged by plaintiff in his FAC as separate causes of action, rather than one, continuing violation. *See Wallace*, 549 U.S. at 388–90 (noting different accrual dates for false imprisonment and malicious prosecution); *Compton v. Ide*, 732 F.2d 1429, 1433 (9th Cir. 1984) ("The existence of a conspiracy does not generally postpone accrual of causes of action arising from the conspirators' separate wrongs."), *abrogated on other grounds by Agency Holding Corp. v. Malley-Duff & Assocs., Inc.*, 483 U.S. 143 (1987); *Venegas v. Wagner*, 704 F.2d 1144, 1146 (9th Cir. 1983) ("[W]here false arrest or illegal search and seizure is alleged, the conduct and asserted injury are discrete and complete upon occurrence, and the cause of action can reasonably be deemed to have accrued when the wrongful act occurs."); *see also McCune v. Grand Rapids*, 842 F.2d 903, 906 (6th Cir. 1988) (holding false arrest,

---

[4] Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule 36-3(b).

11

malicious prosecution, and wrongful suppression of exculpatory evidence are discrete wrongs rather than continuing violations).

Here, each Fourth Amendment violation alleged by plaintiff in his FAC was actionable on its own, and there was no need to wait for more to occur in order to make such a claim cognizable. These violations are therefore not appropriately construed as one continuing violation. Accordingly, the continuing violations doctrine is inapplicable to this case, and does not prevent the statute of limitations from running and eventually expiring on any of plaintiff's separate and discreet claims.

### B. Malicious Prosecution Claim Fails to Allege Sufficient Facts

The Stanislaus County defendants also seek dismissal of plaintiff's malicious prosecution claim, arguing the FAC contains insufficient allegations to support such a claim. (Doc. No. 26 at 10.) In the FAC, plaintiff alleges he was deprived of his constitutional "right not to be subjected to malicious, arbitrary and capricious use of governmental authority." (Doc. No. 24 at 10.) As confirmed at the hearing on the pending motion, plaintiff indeed seeks to state a malicious prosecution claim under § 1983. In his opposition to the motion to dismiss plaintiff clarified that he "relies on the Fourth Amendment violations of the Defendants to support any claims for malicious prosecution." (Doc. No. 30 at 11.)

Claims for malicious prosecution are cognizable under 42 U.S.C. § 1983. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc). While "malicious prosecution . . . is not a federal constitutional tort if process is available within the state judicial systems to remedy such wrongs," federal courts have recognized an exception where the prosecution is "intended to subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985); *see also Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). A prosecution intended to deny a person their Fourth Amendment right to be free from unreasonable searches and seizures may serve as the basis for a malicious prosecution claim under § 1983. *See, e.g.*, *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004). Such a claim requires the plaintiff to allege and ultimately show that "the defendants acted for the purpose of depriving him of a 'specific constitutional right.'" *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180,

12

1189 (9th Cir. 1995)). More specifically, it requires plaintiff to allege and show both that "the defendants prosecuted him with malice and without probable cause" and that a search or seizure which was unlawful under the Fourth Amendment occurred. *Yousefian v. City of Glendale*, 779 F.3d 1010, 1015 (9th Cir. 2015) *cert. denied*, ___U.S.___, 136 S. Ct. 135 (2015). Malicious prosecution claims are cognizable against police officers and other investigating officials in some instances, particularly where the officer maliciously or recklessly makes false reports to the prosecuting authority. *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007).

The court agrees with the moving defendants that a malicious prosecution claim requires more detailed factual allegations than those found in plaintiff's FAC. *Compare Stubblefield v. City of Novato*, No. 3:15-cv-03372-JCS, 2016 WL 192539, at *5–6 (N.D. Cal. Jan. 15, 2016) (requiring plaintiff to allege more detailed factual allegations regarding the officers' involvement in the decision to prosecute the plaintiff in order to state a malicious prosecution claim) *with Usher v. City of Los Angeles*, 828 F.2d 556, 562 (9th Cir. 1987) (finding allegations sufficient to state a malicious prosecution claim under § 1983 where plaintiff alleged that the defendants illegally arrested him, contrived charges to justify the arrest, submitted false police reports, initiated his criminal prosecution in bad faith, called him racially derogatory names, and the criminal proceeding terminated in his favor). Here, plaintiff has simply not alleged facts sufficient to state a plausible claim that the defendants prosecuted him with malice, without probable cause, and for the purpose of depriving him of his Fourth Amendment rights to be free from unlawful searches and seizures. *See Yousefian*, 779 F.3d at 1015; *Blankenhorn*, 485 F.3d at 482; *Awabdy*, 368 F.3d at 1069.

In addition, plaintiff has failed to allege sufficient facts in his FAC to give rise to a plausible claim for *Monell* liability on the part of either the County of Stanislaus or the City of Modesto for malicious prosecution. *See, e.g.*, *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) (noting that failure to train and failure to supervise may constitute policies for *Monell*, but mere negligence in either may not); *Trevino v. Gates*, 99 F.3d 911, 918 n.2 (noting theories of *Monell* liability based on ratification, delegation, or custom). Here, plaintiff's FAC does not allege which municipal policies or decisions provide the bases for his *Monell* claims.

13

Accordingly, plaintiff's malicious prosecution claims will be dismissed with leave to amend, to allow plaintiff the opportunity to plead additional facts in support of those claims. Plaintiff is reminded he may not rely on mere recitations of the elements of the cause of action. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Should plaintiff elect to attempt to cure the noted deficiencies, his filing should be labeled as his second amended complaint. Plaintiff is also advised that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967), *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). Once an amended complaint is filed, the original pleading no longer serves any function in the case.

**CONCLUSION**

For all of the reasons explained above:

1. Defendants' motions to dismiss (Doc. Nos. 26, 27, 28) are granted;
2. Plaintiff is granted leave to file a second amended complaint consistent with the court's order within twenty-one (21) days of service of this order; and
3. If plaintiff files a second amended complaint, he is directed to state separately and specifically the claims he intends to assert and the facts that specifically support those claims. Plaintiff may not re-allege the claims the court has found to be barred by the applicable statute of limitations, as discussed above.

IT IS SO ORDERED.

Dated: **August 8, 2017**

UNITED STATES DISTRICT JUDGE