| | |
|---|---|
| | UNITED STATES DISTRICT COURT |
| | FOR THE EASTERN DISTRICT OF CALIFORNIA |

| | |
|---|---|
| ALEO JOHN PONTILLO, II,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF STANISLAUS, BIRGIT FLADAGER, JON REINECCIUS, STEVE JACOBSON, ALICE MIMMS, ADAM CHRISTIANSON, CITY OF MODESTO, and DAVID HARRIS,<br><br>Defendants. | No. 1:16-cv-01834-DAD-SKO<br><br><u>ORDER DENYING COUNTY DEFENDANTS' MOTION TO DISMISS IN PART, AND GRANTING OTHER MOTIONS TO DISMISS</u><br><br>(Doc. Nos. 43, 44, 46) |

Between September 15, 2017 and September 21, 2017, each of the three sets of defendants in this action moved to dismiss plaintiff's operative complaint.[1] (Doc. Nos. 43, 44, 46.) Plaintiff filed two oppositions on October 20, 2017.[2] (Doc. Nos. 47, 48.) The motions came on for hearing before the court on November 7, 2017, at which time plaintiff appeared on his own behalf. Attorney John Whitefleet appeared on behalf of defendants County of Stanislaus, Fladager, Jacobson, Mimms, Christianson, and Harris (the "Stanislaus County defendants").

---

[1] This operative pleading is the second amended complaint ("SAC") filed by plaintiff, who is proceeding pro se.

[2] Plaintiff did not file an opposition to the motion to dismiss brought on behalf of defendant City of Modesto.

1

Attorney Matthew Roman appeared for defendant Reineccius and attorney Blake Loebs appeared on behalf of defendant City of Modesto. Following the hearing, the matter was taken under submission. For the reasons given below, the court will deny the motion to dismiss filed by the Stanislaus County defendants in part, and will grant the motions to dismiss filed by defendant Reineccius and the City of Modesto.

**BACKGROUND**

The factual allegations of plaintiff's complaint have previously been set out in the court's prior order (Doc. No. 40 at 2–4) and will not be repeated. In brief, plaintiff—a bail bondsman—alleges defendants sought to maliciously prosecute him on various kidnapping and extortion related charges, following a multi-agency investigation. In addition to the facts alleged in plaintiff's prior complaint, which are largely repeated verbatim in the SAC, his operative complaint includes the following new factual allegations: (1) that defendant Jacobson testified untruthfully at plaintiff's preliminary hearing while being questioned by defendant Harris about plaintiff's alleged kidnapping of Benjamin Campbell, which false testimony "contributed" to plaintiff being held over for trial[3]; (2) that video recordings indicate Modesto Police Officer Hodgeson—not a defendant here—was present at plaintiff's business at the time plaintiff kidnapped Walter Scott Osborn according to the criminal charges against him, and that this fact was not disclosed by defendant Jacobson during his preliminary hearing testimony;[4] and (3) that defendant Jacobson testified at plaintiff's preliminary hearing that defendant Mimms alleged plaintiff was violating the California Insurance Code. (Doc. No. 42 at ¶¶ 23–25.)

**LEGAL STANDARD**

The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of the complaint. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir.

---

[3] Plaintiff explains he learned that defendant Jacobson testified untruthfully because it was later revealed that Campbell was in the custody of the Stanislaus County Jail at the time plaintiff was alleged to have been kidnapping him. (Doc. No. 42 at ¶ 23.)

[4] It is unclear from the SAC what Officer Hodgeson would have offered to the prior criminal proceeding, if identified. Nonetheless, the court will infer the evidence would have been exculpatory to plaintiff in some way.

2

1983). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff is required to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In determining whether a complaint states a claim on which relief may be granted, the court accepts as true the allegations in the complaint and construes the allegations in the light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1989). However, the court need not assume the truth of legal conclusions cast in the form of factual allegations. *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986). While Rule 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. *See also Iqbal*, 556 U.S. at 676 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). Moreover, it is inappropriate to assume that the plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." *Associated Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

## ANALYSIS

In his SAC, plaintiff alleges one cause of action for malicious prosecution under 42 U.S.C. § 1983 against all defendants. As this court has previously explained, claims for malicious prosecution may be cognizable under 42 U.S.C. § 1983. *See Lacey v. Maricopa County*, 693 F.3d 896, 919 (9th Cir. 2012) (en banc). While "malicious prosecution . . . is not a federal constitutional tort if process is available within the state judicial systems to remedy such wrongs," federal courts have recognized an exception where the prosecution is "intended to

subject a person to a denial of constitutional rights." *Bretz v. Kelman*, 773 F.2d 1026, 1031 (9th Cir. 1985); *see also Yagman v. Garcetti*, 852 F.3d 859, 867 (9th Cir. 2017). A prosecution intended to deny a person their Fourth Amendment right to be free from unreasonable searches and seizures may serve as the basis for a malicious prosecution claim under § 1983. *See, e.g.*, *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004). Such a claim requires the plaintiff to allege and ultimately show that "the defendants acted for the purpose of depriving him of a 'specific constitutional right.'" *Id.* (quoting *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995)). More specifically, it requires plaintiff to allege and show both that "the defendants prosecuted him with malice and without probable cause" and that a search or seizure which was unlawful under the Fourth Amendment occurred. *Yousefian v. City of Glendale*, 779 F.3d 1010, 1015 (9th Cir.), *cert. denied*, ___U.S.___, 136 S. Ct. 135 (2015). Malicious prosecution claims are cognizable against police officers and other investigating officials in some instances, particularly where the officer maliciously or recklessly makes false reports to the prosecuting authority. *Blankenhorn v. City of Orange*, 485 F.3d 463, 482 (9th Cir. 2007).

Having been held to answer after a preliminary hearing, as plaintiff was here in the underlying criminal proceedings, "constitutes *prima facie*—but not *conclusive*—evidence of probable cause." *Awabdy*, 368 F.3d at 1067. This prima facie showing can be rebutted by a showing that the prosecution was "induced by fraud, corruption, perjury, fabricated evidence, or other wrongful conduct undertaken in bad faith." *Id.* However, a prosecutor's independent judgment "may break the chain of causation between the unconstitutional actions of other officials and the harm suffered by a constitutional tort plaintiff." *Beck v. City of Upland*, 527 F.3d 853, 862 (9th Cir. 2008). The prosecutor's decision to pursue charges provides a presumption that the prosecutor exercised independent judgment. *Id.* That presumption is rebutted by evidence—or in the case of a motion brought under Rule 12(b)(6), factual allegations—that the prosecutor was given false information, where the officers acted "maliciously or with reckless disregard" for the arrestee's rights, or where the prosecutor relied on the police investigation and arrest rather than coming to an independent judgment. *Id.* at 862–63. In sum, the presumption that a prosecutor exercised independent judgment in pursuing

4

criminal charges "may be rebutted if the plaintiff shows that the independence of the prosecutor's judgment has been compromised." *Id.* at 862.

The new facts alleged by plaintiff here concern only defendant Jacobson. For that reason, the court need not reiterate its prior analysis regarding the deficiencies of plaintiff's complaint with respect to the other defendants. However, with respect to defendant Jacobson, the court concludes that plaintiff can state a claim for malicious prosecution under § 1983. Plaintiff has particularly alleged in his SAC that defendant Jacobson gave false testimony concerning allegations that plaintiff kidnapped two individuals. (Doc. No. 42 at ¶¶ 23–25.) False testimony can be the basis for a claim of malicious prosecution, rebutting at this pleading stage any *prima facie* claim that there was probable cause to hold plaintiff because of the outcome of the preliminary hearing. *See Awabdy*, 368 F.3d at 1067. Moreover, while the court previously concluded that plaintiff's Fourth Amendment claims were barred by the statute of limitations, it did not conclude plaintiff had alleged insufficient facts to support such claims. (*See* Doc. No. 40.) The pleadings of *pro se* plaintiffs are "to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*quoting Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d 621, 623–24 (9th Cir. 1988). Construing the allegations of plaintiff's SAC in keeping with that standard, the court concludes plaintiff has adequately alleged that defendant Jacobson presented false testimony and in doing so deprived plaintiff of his Fourth Amendment right to be free from detention without probable cause. *See Manuel v. City of Joliet*, ___ U.S. ___, ___, 137 S.Ct. 911, 917–20 (2017) (holding that pre-trial detention based on false evidence can be the basis of a Fourth Amendment violation). This is sufficient to state a cognizable claim for malicious prosecution.

Because plaintiff alleges no new facts in his SAC concerning any of the other Stanislaus County defendants, or defendants Reineccius or City of Modesto, the court has no basis to come to a conclusion other than that reached in its prior orders that plaintiff has failed to allege sufficient facts to proceed on a malicious prosecution claim against them. The court previously dismissed claims against these defendants with leave to amend and plaintiff has identified no new facts in the subsequently amended SAC that would give rise to a cognizable claim against them.

5

Accordingly, the court concludes further leave to amend in this regard would be futile. *See Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009) ("[W]here the plaintiff has previously been granted leave to amend and has subsequently failed to add the requisite particularity to its claims, '[t]he district court's discretion to deny leave to amend is particularly broad.'") (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003)). Accordingly, these defendants will be dismissed from this action and without further leave to amend.

## CONCLUSION

For the reasons set forth above:

1. The motions to dismiss brought on behalf of defendants City of Modesto and Reineccius (Doc. Nos. 43, 46) are granted;
2. The motion to dismiss brought on behalf of the Stanislaus County defendants (Doc. No. 44) is denied as to plaintiff's malicious prosecution claim against defendant Jacobson and granted in all other respects; and
3. All named defendants other than defendant Jacobson are dismissed from this action without further leave to amend being granted.

IT IS SO ORDERED.

Dated: **December 10, 2017**

UNITED STATES DISTRICT JUDGE